UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81648-CIV-MARRA

JASON T. ACKNER, et al,

Plaintiff,

vs.

PNC BANK, National Association,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion to Dismiss Amended Complaint and/or For A More Definite Statement (DE 15). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiffs Unity Recovery Center, Tequesta Medical Services, LLC, Changing Tides Transitional Living, LLC, Lakeside Treatment Center, LLC, H.S. Labs, LLC and Starting Point Detox LLC (collectively, "Plaintiffs") have filed a ten count Amended Complaint (DE 13) for breach of contract and negligence on behalf of each Plaintiff against Defendant PNC Bank, National Association ("Defendant").[1]

According to the allegations of the Amended Complaint, the founder and officer, director, member or manager of all Plaintiff entities[2] is Jason Ackner ("Ackner"). (Am. Compl. ¶ 13.)  In

---

[1] Counts II and III appear to be duplicative. With respect to Plaintiff Lakeside, the Amended Complaint only brings a negligence claim, not a breach of contract claim.

[2] Plaintiffs are drug and alcohol treatment centers. (Am. Compl. ¶ ¶ 14-15.)

2008, Ackner opened a bank account for the first entity, Unity Recovery Center, at Defendant. Ackner executed a corporate resolution ("resolution") to be the sole person to operate the account. (Am. Compl. ¶¶19-20.)  Subsequently, Ackner opened bank accounts for each of the Plaintiff entities, but Defendant did not ask Plaintiffs to execute additional corporate resolutions to confirm that Ackner was authorized to operate each Plaintiff account.  Instead, Defendant treated the initial resolution as a "master resolution" for all accounts. (Am. Comp. ¶ 21.)  In August of 2013, Defendant delivered to Ackner an account agreement for business accounts ("account agreement") which does not state it applies to any particular Plaintiff, but is intended to apply to all of Plaintiffs' accounts at Defendant. (Am. Compl. ¶ 23; Account agreement, Ex. A, DE 1-3.)

In October of 2013, Ackner became very ill and his father, David Ackner ("David"), began to take charge of Plaintiffs' banking relationships without Ackner's knowledge. (Am. Compl. ¶ 24.)  Ackner learned that Defendant permitted David to operate the accounts freely. (Am. Compl. ¶ 37.)

Upon return to full-time work in 2015, Ackner noticed financial irregularities and began to investigate. (Am. Compl. ¶¶ 26-29.)  Defendant, however, initially denied Ackner online access to the accounts. (Am. Compl. ¶ 30.)  On February 6, 2016, Ackner sent Defendant a letter requesting it to freeze all of Plaintiffs' accounts. (Am. Compl. ¶ 31.)  Around this time, Ackner discovered that Defendant had issued numerous debit cards linked to Plaintiffs' accounts to people not authorized to operate the accounts.  Even after the February 2016 letter was sent, Defendant continued to issue and send debit cards linked to Plaintiffs' accounts to unauthorized people. (Am. Compl. ¶ 32.)  Defendant would not confirm whether it had obeyed Ackner's

instructions nor did it permit Ackner to withdraw the balance in the accounts.  (Am. Compl. ¶ 35.)  Additionally, Defendant charged Ackner exorbitant fees for unnecessary services. (Am. Compl. ¶ 38.)

Defendant moves to dismiss the breach of contract claims because Plaintiffs fail to identify the specific contractual provisions allegedly breached by Defendant and fail to attach the resolution. Alternatively, Defendant moves for a more definite statement on these claims.  Lastly, Defendant argues that the negligence claims should be dismissed because they are barred by the independent tort rule.

Plaintiffs respond that the account agreement applies to all of Plaintiffs' accounts, that the Amended Complaint adequately alleges the provisions of the contract that were breached, and they are not required to attach the resolution to their pleading. Finally, with respect to the negligence claim, Plaintiffs state that the allegations of negligence describe conduct separate from the conduct supporting the breach of contract claims.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

Under Florida law, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999);  Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. Dist. Ct. App. 2006). Defendant argues that Plaintiffs fail to identify the specific contractual provisions allegedly breached by Defendant, only one agreement is attached to the pleading and it does not identify Plaintiffs.  Plaintiffs, however, point out that the account agreement applies to all the accounts at issue.  (Am. Compl. ¶¶ 23, 42, 62, 77, 97, 110.)  Additionally, Plaintiffs state that there are four breaches identified in the pleading (1) Defendant issued unauthorized debit cards; (2) Defendant failed to obey instructions to freeze the account and refrain from issuing additional debit cards; (3) Defendant denied Ackner online access to the accounts and (4) Defendant charged fees despite instructions to terminate the fees and services to which they related.

Here, Plaintiffs have attached a copy of the agreement that they claim Defendant

breached. (Ex. A, DE 1-3.) From reviewing the agreement, it is not clear to the Court which provisions of the agreement pertain to the four identified breaches of the contract. "It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." Herssein Law Group v. Reed Elsevier, Inc., 594 F. App'x 606, 608 (11th Cir. 2015); see also George v. Wells Fargo Bank, N.A., No. 13–80776–CIV, 2014 WL 61487, at * 4 (S.D. Fla. Jan. 8, 2014) ("The Amended Complaint does not identify which provision of the [contract] has been breached and therefore runs afoul of Twombly." ). In so ruling, the Eleventh Circuit relied upon a Sixth Circuit case that held that a failure to attach the contract along with a failure to cite to specific language in the contract ran afoul of Iqbal. Id. (citing Northampton Restaurant Grp., Inc. v. FirstMerit Bank, N.A., 492 F. App'x. 518, 521–22 (6th Cir. 2012)). For this reason, the Court will dismiss the breach of contract claims, but provide Plaintiffs with leave to amend to comply with the dictates of Herssein. Specifically, Plaintiffs must identify the provisions of the agreement they claim Defendant breached.

With respect to the negligence claims, the Court will defer ruling on the motion to dismiss until it is clear upon which provisions Plaintiffs base their breach of contract claims. Defendant relies upon the economic loss rule for dismissal of the negligence claims. See generally Tiara Condominium Association, Inc. v. Marsh & McLennan Cos., Inc., 110 So.3d 399, 401 (Fla. 2013) ("the economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses."). To determine if this doctrine applies, the Court must examine whether Plaintiffs have alleged "action beyond and independent of breach of contract that amounts to an independent

5

tort."  Kaye v. Ingenio, Filale de Loto-Que., Inc., No. 13-61687, 2014 WL 2215770, at *4 (S.D. Fla. May 29, 2014).  This is analysis is likely to be assisted by further clarity as to what constitutes the breach of contract claim versus the negligence claim.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Amended Complaint and/or For A More Definite Statement (DE 15) is **GRANTED**.  Plaintiffs are given leave to amend the Amended Complaint consistent with the dictates of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of March, 2017.

_____
KENNETH A. MARRA
United States District Judge