**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:16 cv-81648-MARRA/MATTHEWMAN**

FILED by [signature] D.C.
APR 21 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**JASON T. ACKNER, et al.,**

**Plaintiffs,**

**vs.**

**PNC BANK, National Association,**

**Defendant.**

______________________________________/

## JOINT STIPULATION OF CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER

Plaintiffs, Unity Recovery Center, Inc. ("Unity"), Unity Recovery Group, Inc. ("Unity Group"), Tequesta Medical Services, LLC ("Tequesta"), Changing Tides Transitional Living, LLC ("Changing Tides"), Lakeside Treatment Center, LLC ("Lakeside"), H.S. Labs, LLC, ("HS") and Starting Point Detox LLC, ("Starting Point") (collectively "Plaintiffs"), and Defendant, PNC Bank, National Association ("PNC") (collectively with the Plaintiffs the "Parties"), by and through their undersigned counsel, hereby enter into this Joint Stipulation of Confidentiality, agree to the issuance of this Stipulated Protective Order and agree that discovery sought by the Parties in the above captioned litigation (the "Action") is likely to involve disclosure of information, production of documents and things, and other disclosures containing Confidential Material (as defined below).

Accordingly, this Stipulated Protective Order shall govern the handling of documents (which term shall be given its broadest possible construction to include all written, recorded, electronic, or graphic matter whatsoever and all copies, identical or non-identical, thereof), depositions, deposition exhibits, interrogatory responses, admissions, testimony, and any other

information produced, given, or exchanged by and among the parties and any non-parties to this Action (the "Material").

1. **Designation of Confidential Information**. Any party (hereinafter "Designating Party") may designate information or documents produced or furnished by that Party or a third party during the course of this proceeding as "Confidential Information." A Confidential Information designation shall constitute a representation by the Party and its counsel that they, in good faith, believe that the material so designated contains or constitutes, at the time of the designation, commercial or business information, personal information or other information of a non-public nature considered by the producing Party to be confidential and/or proprietary.

2. **Manner of Designation**. Confidential Material[1] shall be designated as follows:

a. Any document or information that a Party deems to contain Confidential Material as set forth above in paragraph 1 above shall be conspicuously labeled by such Party on each page of such document with the appropriate legend – "Confidential" (the "Confidential Legend"). The Confidential Legend shall not obscure or make the contents of any portion of a document or information to which it is affixed unreadable or undecipherable. If a Party deems any documents or information furnished by a third party to contain Confidential Material, that Party shall designate such documents or information Confidential Information by informing the other Party in writing and identifying the specific documents and information it seeks to designate as Confidential Material. Information that is exchanged or transmitted between the parties or counsel verbally or through means other than an exchange of documents can be designated as Confidential

[1] The term "Confidential Material" shall be used to refer to information designated Confidential Information pursuant to paragraphs 1 above

Information or by describing the means of exchange and indicating, in writing, that the information so exchanged is designated as Confidential Information; or

b. in the case of native files for which it is impracticable to affix such a Confidential Legend, to provide copies of the native files with unique bates/control numbers and the appropriate Confidential Legend in their file names, along with "slip sheets" representing the native files, on which both the unique bates/control numbers and the Confidential Legend has been affixed; provided, however, that the failure to designate a document as "Confidential Material" does not constitute a waiver of such claim, and any party, whether or not the party producing the document, may so designate a document after such document has been produced with the effect that such document is thereafter subject to the protections of this Stipulated Protective Order against further disclosure; or

c. in the case of depositions or other testimony, (i) by a statement on the record at or before the conclusion of the deposition or proceeding; or (ii) by written notice sent to all parties within ten business days thereafter.

**3. Disclosure of Confidential Material.** Confidential Material, which herein includes any copies thereof, shall not be publicly disclosed or disseminated, directly or indirectly, by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. Specifically, Confidential Material may not be posted or disseminated on the internet or distributed or disseminated to any third parties (e.g., other PNC Bank customers or account holders) other than those specifically permitted to receive the Confidential Material pursuant to the terms of this Protective Order. Confidential Material may be used only for the prosecution or defense of the proceedings in the Action captioned Ackner et al. v. PNC, Case No. 9:16-CV-81648-Marra, pending in the United States District Court for the Southern District of Florida, and not for any other pending or threatened proceeding, or any other

purpose. Except as expressly permitted herein or by further order of the Court, all Confidential Material shall be maintained and kept by the other Party in this case in a confidential manner. The following persons shall be the only persons permitted to have access to Confidential Material and such access shall be subject to the limitations set forth above and below:

a. counsel for the Parties, including both outside counsel and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this Action;

b. the Parties to this Action and the officers, directors or employees of the Parties who are actively participating, or supporting those who are actively participating, in the prosecution or defense of this Action; provided, however, that these persons, prior to receiving any Confidential Material, shall first sign an Acknowledgment in the form attached hereto as Exhibit A that reflects their commitment to preserve the confidentiality of all information so designated. Signed Acknowledgements shall be retained by lead counsel for each Party and further disclosed only by order of the Court, for good cause shown;

c. expert witnesses, potential expert witnesses or consultants whom counsel for the Parties reasonably deem necessary for the preparation and trial of this Action; provided, however, that these persons, prior to receiving any Confidential Material, shall first sign an Acknowledgment in the form attached hereto as Exhibit A that reflects their commitment to preserve the confidentiality of all information so designated. Signed Acknowledgements shall be retained by lead counsel for each Party and further disclosed only by order of the Court, for good cause shown.

d. Mediators enlisted by all Parties to assist in the resolution of this matter; and, the Court and court reporters engaged to record depositions, hearings or trials in this Action;

e. service vendors of counsel to the parties (including, but not limited to, outside copying services, outside litigation support services, and stenographers); provided, however, that these persons, prior to receiving any Confidential Material, shall first sign an Acknowledgment in the form attached hereto as Exhibit A that reflects their commitment to preserve the confidentiality of all information so designated. Signed Acknowledgements shall be retained by lead counsel for each Party and further disclosed only by order of the Court, for good cause shown;

f. experts or consultants to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist in the prosecution or defense of the Action; provided, however, that these persons, prior to receiving any Confidential Material, shall first sign an Acknowledgment in the form attached hereto as Exhibit A that reflects their commitment to preserve the confidentiality of all information so designated. Signed Acknowledgements shall be retained by lead counsel for each Party and further disclosed only by order of the Court, for good cause shown;

g. the Court and its staff, administrative personnel, court reporters, and other personnel retained by the Court in connection with the Action;

h. court reporters and videographers retained to record testimony or proceedings in connection with the Action; and

i. any other person upon order of the Court or with the written consent of the Designating Party.

4. **Disclosure to State or Federal Regulators.** Nothing in this Stipulated Protective Order shall prevent disclosures beyond the terms of this Stipulated Protective Order by any Party compelled to disclose Confidential Material to any state or federal regulatory agency. Said disclosure shall be made after reasonable Notice and leave of court.

5. **Designation Dispute.** In the event a Party disagrees with the designation of Confidential Material by the Designating Party, the Parties shall try first to resolve such dispute in good faith before seeking intervention of the Court. If it is necessary to present the dispute to the Court for resolution, it shall be up to the Party opposing the designation to seek from the Court an order removing the disputed Confidential Information designation. Unless and until the Court shall issue a final ruling on any disputed Confidential Information designation, the material in question shall continue to be treated by all Parties as Confidential Information.

6. **Inadvertent Disclosure**. If a Party inadvertently fails to designate a document or other information as Confidential Material, that Party may thereafter designate the document or other information as Confidential Material provided that the Party gives prompt, written notice of the desired designation to all Parties after discovery of any failure to designate. Thereafter, such document or information shall be subject to the provisions of this Stipulated Protective Order and shall be treated as so designated from the date written notice of the designation is provided to the other Party. Any inadvertent or unintentional disclosure by the Party supplying the Confidential Material (regardless of whether the information was so designated at the time of disclosure), or of documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the bank examination privilege, or any other applicable privilege, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or privilege, provided that the supplying Party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving notice of inadvertent disclosure, the receiving Party

shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing Party's claim either by the Court or by this Stipulated Protective Order. The parties intend for this paragraph to be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law. Unless obvious, a receiving Party shall be entitled to rely on the absence of any Confidential Legend, and shall not violate this Stipulated Protective Order by good faith disclosure of information during the time it was not designated as Confidential Material.

**7.** **Limitation on All Dissemination**. The obligations and protections of this Stipulated Protective Order shall cease as to any Confidential Material that is or had been publicly disclosed by the Designating Party or otherwise became or becomes publicly available without violation of this Stipulated Protective Order. Further, nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated with a Confidential Legend that were obtained lawfully by such party independently of the discovery proceedings in this Action.

**8.** **Use of Confidential Material at Depositions and in Court Filings - Filing Under Seal**. To the extent documents designated as Confidential Material are used in the taking of depositions, such documents shall remain subject to the provisions of this Stipulated Protective Order and shall be maintained under seal by the clerk or court reporter. Deposition testimony shall be deemed Confidential Material only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as Confidential Material and shall be made no later than ten (10) days after receipt of the transcript. Before filing any information that has been designated Confidential Material with the Court, or filing any pleadings, motions or other papers that disclose any such information, filing counsel shall confer with counsel for the Designating Party about how it should be filed. If the Party that designated the information Confidential Information Material desires that the materials be filed

under seal, then the filing Party shall file the materials under seal, in accordance with any applicable court rules. If a motion to file under seal is required, the Parties agree to cooperate in the filing of such motion.

9. **Use at Trial**. This Protective Order shall not apply to the disclosure of Confidential Information at the time of trial through the receipt of documents designated Confidential Information into evidence or through the testimony of witnesses. The closure of trial proceedings and the sealing of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon motion of the parties.

10. **Effect of Agreement**. Entering into, agreeing to, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulated Protective Order shall not:

a. operate as an admission by any party that any particular Confidential Material contains or reflects trade secrets or any other type of Confidential Information;

b. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

c. prejudice in any way the rights of any party to object on any grounds to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Agreement;

d. prejudice in any way the rights of a party to seek a determination by the Court whether any Confidential Material should be subject to the terms of this Agreement;

e. prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material; or

f. be construed or operate as a waiver of any claim of privilege or immunity with respect to the production of any Confidential Material.

**11.** **Modification**. This Stipulated Protective Order may be changed only by written agreement of the parties or by order of the Court and is without prejudice to the rights of any party to move in good faith for relief from any of its provisions or to seek or agree to additional protection for any particular Confidential Material. Each of the parties hereto shall be entitled to seek modification of this Agreement by application to the Court.

**12.** **Designating Party's Use of Its Own Confidential Material**. This Agreement has no effect upon, and shall not apply to, a Designating Party's use or disclosure of its own Confidential Material for any purpose.

**13.** **Request to Recipient for Confidential Material**. If a party in possession of Confidential Material (the "Recipient") receives, in another action or proceeding, a subpoena, summons, demand, request for production, court order, or other compulsory legal process seeking the production of such Confidential Material ("Request"), the Recipient shall, to the extent not prohibited by law, give written notice by email and include therein a copy of the Request to counsel for the Designating Party within: (a) two (2) business days after receipt and (b) shall, to the extent not prohibited by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, if the Party that produced the Confidential Material takes prompt action to resolve the dispute either voluntarily or through court proceedings if necessary. Neither the Receiving Party nor its counsel shall produce any Confidential Material without either the prior written consent of the Designating Party or an order of a court of competent jurisdiction compelling such production after complying with subsection (a) and (b) of this paragraph. The Designating Party shall bear the burden and expense of timely objecting to the production of Confidential Material, and preparing a privilege log and any other documents necessary to support the objection. If the Designating Party objects to the production of the Confidential Material, the Designating Party must either obtain the written agreement of the person or entity seeking the Confidential Material or an order from the

appropriate court relieving the Recipient of its obligation to produce the Confidential Material before the Recipient's response to the Request is due. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulated Protective Order to challenge or appeal any Request requiring the production of Confidential Material, to subject itself to any penalties for non-compliance, or to seek any relief from this, or any other, court. If the Recipient produces Confidential Material in response to a Request, the parties shall otherwise continue to treat the Confidential Material in accordance with its Confidential Legend under this Stipulated Protective Order.

**14.** **Continued Status of Confidential Material**. The provisions of this Stipulated Protective Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout the Action and any appeals therefrom.

**15.** **Procedures at Conclusion of Action**. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Action (including all appeals) , the Confidential Material and all copies thereof which are not part of the public record or filed under seal with the Court, shall be returned to the Designating Party's counsel. Counsel for the parties shall be entitled to retain court papers (and exhibits thereto), deposition and trial transcripts (and exhibits thereto), and work product that contain or refer to Confidential Material, provided that such counsel and employees of such counsel shall not thereafter disclose such Confidential Material except pursuant to this Stipulated Protective Order or with the consent of the Designating Party.

**16.** **Execution in Parts**. This Stipulated Protective Order may be executed by the Parties by facsimile, scanned, electronic or conformed signature and may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one agreement. With respect to counsel of record, the signature of a partner in a law firm shall act to bind all other counsel at the law firm.

**17.** **Severability**. The invalidity or unenforceability of any one or more phrases, sentences, paragraphs, or sections in this Stipulated Protective Order shall not affect the validity or enforceability of the remaining portions of this Stipulated Protective Order or any part thereof.

**18.** **Entire Agreement**. This Stipulated Protective Order sets forth the entire understanding between the counsel for the parties to the Action regarding Confidential Material.

**STIPULATED** and **AGREED**,

*/s/ Jennifer Olmedo-Rodriguez*
Mark S. Auerbacher, Esq.
Florida Bar No.: 978220
Mark.auerbacher@bipc.com
Jennifer Olmedo-Rodriguez, Esq.
Florida Bar No.: 605158
Jennifer.olmedo-rodriguez@bipc.com
Buchanan Ingersoll &Rooney, P.C.
100 S.E. 2nd Street
Miami Tower, Suite 3500
Miami, FL 33131
Telephone: 305-347-4087
Facsimile: 305-347-4089

*Counsel for Defendant*

Dated: April 20, 2017

*/s/ Jeremy J. Hart*
Brett M. Amron, Esq.
Florida Bar No.: 148342
bamron@bastamron.com
Jeremy J. Hart, Esq.
jhart@bastamron.com
Florida Bar No.: 510645
**BAST AMRON LLP**
One Southeast Third Ave., Ste. 1400
Miami, FL 33131
Phone: 305-379-7904
Fax: 305-379-7905

*Counsel for Plaintiffs*

Dated: April 20, 2017

The foregoing Joint Stipulation of Confidentiality is hereby adopted and ratified by this Court as a Stipulated Protective Order.

DONE AND ORDERED in chambers in Palm Beach County, Florida this 21st day of April, 2017.

SO-ORDERED

William Matthewman

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT**

I, ________________________________ declare that:

I reside at _________________________________________________________________ in the city of ________________, county of ________________________, and state of __________________________;

I am currently employed by ______________________________________________ located at _________________________________________________________________, and my current job title is _____________________________________________________.

I have read and believe I understand the terms of the Joint Stipulation of Confidentiality and Order dated ____________________, 2017, filed in Case No. 16-81648-CIV-MARRA pending in the United States District Court for the Southern District of Florida. I agree to comply with and be bound by the provisions of the Joint Stipulation of Confidentiality and Stipulated Protective Order. I understand that any violation of the Joint Stipulation of Confidentiality and Stipulated Protective Order may subject me to sanctions by the Court.

As soon as practical, but no later than thirty (30) days after final termination of the Action, I shall return to the attorney from whom I have received any documents in my possession designated Confidential Material, as that term is defined in the Joint Stipulation of Confidentiality and Stipulated Protective Order and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____ day of _________________, 20__.

____________________________________

*Signature*